[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DETERMINE COLLATERAL SOURCE REDUCTION
In this personal injury case the jury returned a verdict for the plaintiff of $8,300.63 in economic damages and $35,930 in noneconomic damages. See Conn. Gen. Stat. § 52-572h(a). The defendant has now filed a motion under Conn. Gen. Stat. § 52-225a to reduce the amount of economic damages by the net amount of the collateral sources. Although the parties agree on the figure for the net amount of the collateral sources, they disagree on whether that amount should be applied in full to reduce the economic damages. CT Page 15941-ma
The parties agree on the following facts. During the presentation of the evidence to the jury the plaintiff submitted evidence of the plaintiff's medical bills in the sum of $12,501.24 and argued that all such bills resulted from the negligent conduct of the defendant. Neither the plaintiff nor the defendant submitted evidence of any other economic loss of the plaintiff, such as lost wages. The jury determined that the economic damages of the plaintiff were not the $12,501.24 claimed by the plaintiff, but rather only $8,300.63.
The parties further agree that the plaintiffs insurer paid $3,166.29 toward the plaintiffs medical bills, for the benefit of which the plaintiff paid insurance premiums of $986.89. The net Collateral source for private insurance was thus $2,179.89 ($3,166.29 less $986.89). Further the plaintiff was a recipient of Medicare which paid an additional $2,423.83 toward the plaintiff's medical bills.
The parties disagree about how to apply these sums to reduce the economic damages under Conn. Gen. Stat. § 52-225a. The plaintiff argues that since he submitted medical bills of approximately $12,000 and the jury returned a verdict of about one third of that amount — approximately $8000 — the court should reduce the sum of the collateral sources by the same proportion before any deduction is made. This is so, he argues, because the jury must have found that about one-third of the bills for treatment during the relevant time period were not for treatment attributable to this incident. Since the collateral sources covered treatment throughout the very same time period, the plaintiff asserts that it is only fair to reduce the amount of the collateral source reduction by the same proportion as the jury reduced the plaintiff's economic loss; that is, one-third of the collateral source payments must also have been for medical treatments that were not related to this incident.
The defendant opposes any such adjustment. He argues that the total of the net collateral sources — $4603.72 — should be deducted from the total of the economic damages without any further adjustment.
Indeed Conn. Gen. Stat. § 52-225a makes no provision for the court to "adjust" the reduction in economic damages attributable to collateral sources. Rather the court is instructed merely to determine the sum that represents the net collateral sources and to subtract that sum from "the amount of such award which represents economic damages. . . ." Conn. Gen. Stat. § 52-225a. Nowhere in the statute is there any suggestion that the court is authorized to apply any such reduction only to one CT Page 15941-mb category or subdivision of economic damages.
Even if the court determined that it had the authority to apply the collateral source reduction to only one part and not another part of an economic damages award, the plaintiff's argument about what the jury necessarily found about the plaintiff's medical expenses is unpersuasive. The court instructed the jury that, to be considered a part of economic damages, the plaintiff had to prove that a medical expense was 1) necessary, 2) reasonable in amount, and 3) incurred as a result of the incident which was the subject of the lawsuit. The plaintiff argues that the jury must have determined that the plaintiff did not prove number 3. But, in the absence of any special findings by the jury, it is equally probable that the jury found that all of the expenses for medical treatment incurred by the plaintiff were not necessary or that the amount of one or more of the treatments was unreasonable.
Both the plaintiff and the defendant suggest that the absence of any specific finding by the jury is fatal to the other's argument. Also the plaintiff accords great significance to the fact that lost wages were obviously not part of the jury's award of economic damages. The court is not persuaded that the lack of special findings or the absence of lost wages evidence makes any difference.
Even if a particular category of economic damages, such as lost wages, were an element of economic damages submitted to and awarded by the jury, it is unclear that the statute permits the court to cull out the lost wages award in reducing economic damages by the sum of the collateral source benefits. Rather the statute commands the court to reduce the whole amount of such award by the collateral sources and provides for only two exceptions: there is to be no reduction for 1) any collateral source for which a right of subrogation exists and 2) the percentage of the plaintiff's own negligence. Conn. Gen. Stat. §52-225a(a). The legislature could have written the statute to provide that the collateral sources only reduce the economic damages attributable to medical expenses. As enacted, however, the statute does not provide for a differentiation among categories of economic damages in applying the collateral source reduction.
The court finds the total collateral sources less the premiums to be $4603.72. The court subtracts this amount from the entire sum of economic damages — $8,300.63 — and reduces the award of economic damages to $3,696.91.
Patty Jenkins Pittman, Judge CT Page 15941-mc